**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**RONALD HUGH HUTTON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-943-JHM**

**U.S. DEPARTMENT OF VETERAN AFFAIRS, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald Hugh Hutton filed this *pro se* civil action. Plaintiff filed a non-prisoner application for leave to proceed *in forma pauperis*. [DN 3]. On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that Plaintiff's application **[DN 3]** is **GRANTED**.

Plaintiff also filed a motion to seal the case. [DN 4]. Plaintiff did not articulate any reason why the case should be sealed. For this reason, **IT IS FURTHER ORDERED** that Plaintiff's motion to seal **[DN 4]** is **DENIED**.

**I.**

On November 13, 2026, Plaintiff filed suit against the United States Department of Veteran Affairs, "Former Landlords and Business Affiliates," and "WRAL News Personnel." Plaintiff alleges conduct by his former landlords in North Carolina and by a news station in Raleigh, North Carolina. As the basis for his claims, Plaintiff references 42 U.S.C. § 1983; the Privacy Act, 5 U.S.C. § 552a; the First Amendment; and the Declaration of Independence. [DN 1].

**II.**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Review of the complaint reveals that Plaintiff has alleged no basis for venue being proper in the Western District of Kentucky. Plaintiff's complaint contains no allegation that any Defendant resides in the Western District of Kentucky, that any event or omission occurred in the Western District of Kentucky, or that any Defendant is subject to personal jurisdiction in this Court.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." While transfer of venue often occurs in *pro se* cases, courts in this circuit recognize that "sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction." *Walton v. Jones*, 2:17-CV-13078-TGB, 2018 WL 4138926, at *2 (E.D. Mich. Aug. 29, 2018); *see also Blanton v. Greyhound Lines, Inc.*, No. 4:22-CV-P20-JHM, 2022 WL 1598345, at *3 (W.D. Ky. May 19, 2022).

Considering that Plaintiff has filed the exact same complaint or similar complaints in several districts across the country, including the Middle District of North Carolina which is arguably the proper venue for this action,[1] and considering that the Middle District of North

---

[1] *Hutton v. U.S. Dep't of Veterans Affairs*, No. 1:25-CV-324, 2026 WL 2574450, at * 2 (M.D.N.C. Aug. 6, 2026) (citing the following cases: *Hutton v. U.S. Dep't of Veterans Affairs*, No. 1:12-CV-190 (M.D.N.C. May 22, 2013) (judgment entered dismissing without prejudice); No. 1:16-CV-1416 (M.D.N.C. Feb. 2, 2017) (judgment entered dismissing for failure to state a claim upon which relief may be granted); No. 1:17-CV-151 (M.D.N.C. Apr. 21, 2017) (same); No. 1:17-CV-796 (M.D.N.C. Oct. 19, 2017) (same); No. 1:18-CV-869 (M.D.N.C. Jan. 16, 2020) (same); No. 1:19-CV-1140 (M.D.N.C. Jan. 22, 2020) (same); No. 1:20-CV-240 (M.D.N.C. Sep. 28, 2020) (same);

Carolina has repeatedly dismissed these complaints for failure to state a claim, the Court concludes that transferring this case will not promote judicial efficiency, judicial economy, or serve the interests of justice.

For the foregoing reasons, the Court will dismiss this case under 28 U.S.C. § 1406(a).

**III.**

The Court will enter a separate Order dismissing this action.

Date: November 17, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014

---

No. 1:21-CV-388 (M.D.N.C. Dec. 10, 2021) (judgment entered dismissing claims under § 1983 and the Universal Declaration of Human Rights against the Department of Veterans Affairs, Plaintiff's former landlords, and local news stations for failure to state a claim upon which relief may be granted); No. 1:21-CV-583 (M.D.N.C. Dec. 10, 2021) (same); No. 1:22-CV-392 (M.D.N.C. Sep. 19, 2022) (same); No. 1:22-CV-896 (M.D. N.C. Nov. 8, 2022) (same); No. 1:23-CV-414 (M.D.N.C. June 2, 2023) (same); No. 1:23-CV-928 (M.D.N.C. Oct. 31, 2023) (same)).